# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CHERYL F. SMITH,

    Plaintiff,

v.

FJM CORPORATION,

    Defendant.

Case No. 2:07-CV-01417-KJD-GWF

**ORDER**

Currently before the Court is Defendant's Motion for Judgment as a Matter of Law (#72). Plaintiff filed a Response in Opposition (#76), to which Defendant filed a Reply (#78). Also before the Court is Plaintiff's Motion for Attorney Fees (#74). Defendant filed a Response in Opposition (#75), to which Plaintiff filed a Reply (#77). The Court has reviewed each Motion, together with their respective Responses and Replies, and issues its ruling on both Motions together herein.

**I. Background**

On October 26, 2009, this action proceeded to trial before a jury. At the close of Plaintiff's case in chief, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). (#59). On October 28, 2009, the jury returned a verdict awarding Plaintiff damages in the amount of $5,760—approximately the amount Plaintiff had sought for a commission payment for her efforts related to the sale of real property located at 10765 Avenzano Street, Las Vegas, Nevada.

**II. Defendant's Rule 50(b) Motion**

Defendant's instant Motion renews its Rule 50(a) Motion brought during trial, alleging that Plaintiff failed to present sufficient evidence to prove that Defendant breached the subject employment agreement. Defendant avers that the evidence at trial "clearly demonstrate[d] that Plaintiff breached Section Six of the Agreement thereby allowing Realty Executives to terminate

[her] employment without notice and with compensation only up to the day of termination pursuant to Section Eight(b) of the Agreement." (#72 at 2.)  Defendant also avers that the evidence presented at trial showed that the parties had modified the employment agreement to reflect Plaintiff was prohibited from listing and selling property.  Resultantly, Defendant argues that Plaintiff's breach of contract claim fails as matter of law and entitles judgment to be entered in Defendant's favor on all claims. (Id. at 3.)

Plaintiff, in opposition, argues that there was no specific finding by the jury that Defendant did not breach the agreement, or that the evidence presented at trial merits dismissal of the jury's verdict or Plaintiff's damages award.

**B. Legal Standard**

Fed. R. Civ. P. 50(a) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50 (a)(1)(A)-(B); Tortu v. Las Vegas Metropolitan Police Dept., 556 F.3d 1075, 1081 (9th Cir. 2009).  Judgment as a matter of law should be granted when "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002).

Under Nevada law, "Findings of fact must be upheld if supported by substantial evidence and may not be set aside unless clearly erroneous." Harvey v. United Pac. Ins. Co., 856 P.2d 240, 241 (Nev. 1993).  This is especially true with regard to the calculation of damages. The Nevada Supreme Court has "repeatedly expressed [its] reluctance to substitute [the court's] judgment for that of the trier of fact on the issue of damages." Automatic Merchandisers, Inc. v. Ward, 646 P.2d 553, 555 (Nev. 1982). "We may not invade the province of the fact-finder by arbitrarily substituting a

1  monetary judgment in a specific sum felt to be more suitable." Southern Pac. Co. v. Watkins, 435
2  P.2d 498, 514 (1967) (citation omitted).

3  According to the Nevada Supreme Court, "in actions for damages in which the law has
4  provided no legal rule of measurement, it is the jury's responsibility to determine the amount to be
5  allowed." Hazelwood v. Harrah's, 862 P.2d 1189, 1192 (Nev. 1993)(overruled on other grounds,
6  Vinci v. Las Vegas Sands, Inc., 984 P.2d 750 (1999). "[I]t is the special province of the jury to
7  determine the amount that ought to be allowed, and the court is not justified in reversing the case or
8  granting a new trial on the ground that the verdict is excessive, unless it is so flagrantly improper as
9  to indicate passion, prejudice or corruption in the jury." Southern Pac. Co. v. Watkins, 435 P.2d at
10 513–14 (quoting Forrester v. Southern Pac. Co., 36 Nev. 247, 134 P. 753 (1913)).

### C. Analysis

Upon review of the entire record in this case, the Court finds that the instructions given to the jury were consistent with Nevada law. Defendant did not object to any of the instructions relevant to the payment of Ms. Smith's commissions, and the award amount demonstrates that the jury reasonably applied the instructions given to it. As stated above, there was more than one reasonable conclusion presented by the evidence at trial, that may have lead to the jury's determination in favor of Defendant. Accordingly, the Jury's verdict will not be set aside.

## III. Attorney Fees

As stated above, also before the Court is Plaintiff's Motion for Attorney Fees (#74). Plaintiff seeks attorney fees in the amount of $10,725 pursuant to N.R.S. §§ 18.010 and 608.140. Defendant, in opposition, contests an award of attorney fees, averring that Plaintiff should not be considered the prevailing party in this case, and that Plaintiff has failed to satisfy the requirements of N.R.S. § 608.140.

**A. Legal Standard**

N.R.S. §§ 18.010(2)(a) provides that "[i]n addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party: (a) When the prevailing party has not recovered more than $20,000 . . . ."

As stated above, judgment in this case was entered in favor of Ms. Smith in the amount of $5,760. Plaintiff avers that the award deems Ms. Smith the "prevailing party", and because her recovery was for an amount less than the statutory mandate of $20,000 she is entitled to an award of attorney fees.

Having considered Defendant's arguments to the contrary, the Court finds that the jury's award to Plaintiff—nominal as it may seem in light of the amount sought and/or claims originally brought—entitles Plaintiff to a modest and reasonable amount of attorney fees.[1]

Plaintiff has moved the Court for an award of attorney fees in the amount of $10,725.00. Plaintiff received a verdict only in the amount of $5,760 on her commission claim. Plaintiff's claims for breach of contract, declaratory judgment and claims for discrimination and retaliation based upon Title 7 of the Civil Rights Act and the Age and Discrimination and Employment Act were rejected by the jury.

A party may be deemed to have prevailed if it succeeds on any significant issue in the litigation. Valley Electric Assn. v. Overfield, 121 Nev. 7, 10 (2005). The award of attorney's fees is within the Court's discretion. Glenbrook Homeowner's Association Assn. v. Glenbrook Co., 111 Nev. 909, 922 (1995), citing County of Clark v. Blanchard Const.Co., 98 Nev. 488, 492 (1982)). In instances where a party has prevailed on some claims but not others, the Nevada Supreme Court has stated that allocation would be appropriate. See e.g. Bergmann v. Boyce, 109 Nev. 670, (1993). Among the factors to be considered in awarding attorney fees are the time of preparation, trial and the preliminaries. See Stoker v. Jim Marsh American Corp., 91 Nev. 164 (1975).

---

[1] Because the Court finds Plaintiff eligible for attorney fees pursuant to N.R.S. §18.010, it need not make a determination regarding Plaintiff's argument under N.R.S. §608.140.

This was a three day jury trial. The amount of attorney fees sought by Plaintiff far exceeds the award. Presentment of the commission claim could have been handled in a matter of minutes had that been the only claim at issue. The bulk of activity associated with this case dealt with the discrimination, retaliation and breach of contract claims. Plaintiff's arrangements with her lawyer were a combination of hourly and contingency. A reasonable contingency fee would be approximately one-third of the award, or $2,000. The Court finds an award of attorney fees of $2,000 to be reasonable based upon the amount of skill and effort required for presentment of the commission claim. In so ordering, the Court finds only that Plaintiff was the prevailing party in the sense that she prevailed on the single minor claim for which attorney fees are awarded, and none other.

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment as a Matter of Law (#72) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees (#74) is **GRANTED, in part**.

DATED this 29th day of September 2010.

_____
Kent J. Dawson
United States District Judge